We'll move now to our final case of the morning. This is Appeal 23-2881, United States v. Kevin Hodge. And we'll begin, Ms. Skehan, with oral argument from you. Thank you, Your Honor. May it please the Court. My name is Anne Therese Skehan, and I represent the appellant, Mr. Kevin D. Hodge, as supervised by Robert Palmer of the Notre Dame Law School. Your Honors, today we ask that this Court vacate Mr. Hodge's sentence and remand for resentencing because of procedural and substantive error. The District Court procedurally erred because it failed to explain the reasons for its sentencing, specifically ignoring arguments in mitigation related to the safety valve and the situation with Mr. Hodge's family. Ms. Skehan, was it enough that the District Court here reviewed the PSR and the objections to it, the safety valve concept was addressed in those, even if the District Court did not make a statement on the record with regard to the safety valve? Your Honor, this Court in Lyons found that acknowledging the PSR in the briefings in the case was not sufficient to address a primary argument in mitigation. And so even though that was reflected in the PSR, that was not sufficient here because this was a primary argument in mitigation for Mr. Hodge. In Castaneda, this Court did say, must address the safety valve. At the same time, that circumstance was slightly different. Here we have a below-guideline sentence. Does that make a difference? That does not make a difference in this case, Your Honor, because the length of the sentence I think would speak to substance. And this Court found in Lyons also that even though in that case the defendant had received its fallback sentence, which was the minimum statutory guideline, I'm sorry, minimum guidelines sentence, he did not thereby sacrifice his right, I think they used the word forfeit his right, to a procedurally accurate sentencing, including a statement of the reasons for that sentencing. So here I do not think that would be relevant. You argued that the Court didn't sufficiently consider his wife's medical condition. The Court expressed sympathies about her situation. The Court noted it had continued sentencing I think six times because of the situation. But it went on to explain that given the enormous amount of drugs involved, that that wasn't sufficient. Why isn't that enough on that particular issue, namely the wife's medical condition? Thank you, Your Honor. We do not contend that the Court ignored or somehow missed the issue with his family. Instead, they engaged in a different kind of inquiry than what we're asking them to do here, an incorrect inquiry. In United States v. Schroeder, the Court had a similar situation where the defendant's young child was immunocompromised and they had an issue with childcare if he was to receive the sentence that the state wanted. In there, the Court said, we understand this is very sad. However, you should have thought about this before you committed a crime, is basically what they said. And the Court here remanded that sentence because the relevant inquiry is whether or not, and I'm pointing here to the Sentencing Guidelines Manual at 5H1.6, whether or not there's a difference in the situation from a comparable defendant. This Court has recognized that in almost every sentencing situation, the defendant's family has been impacted. That's not necessary for the Court to really address. But when there is something different here, the Court should address that difference, and the Court here failed to do so. Why wasn't it enough, and why doesn't it distinguish it from Schroeder? Because the Court went on to say, despite these medical reasons, you were involved with a lot of drugs here. That's what it seems like the Court is saying, that the excessive amount of meth involved in this case outweighs that. Your Honor, I would point you here to pages 26 and 27 of the appendix in the transcript where the Court asked twice, why did you get involved with drugs whenever you knew your wife was sick, or the woman who would be your wife was sick, and then goes back and says, but didn't she have these medical conditions when you're committing these crimes? A very similar inquiry about guilt was found in Schroeder. Here, in a similar way, the relevant inquiry wasn't how much drugs he had or the fact that he had committed this drug crime. It was whether or not there was a difference in his situation with his wife. And, Your Honors, I would then turn back to the safety valve argument. Here, Mr. Hodge was eligible for safety valve relief. The statutory minimum was 120 months, which is where he was sentenced. The sentencing court did acknowledge that, whenever they were calculating the offense level for the guidelines, that he was eligible for safety valve relief. They factored this in. They gave him a two-point reduction under paragraph 5C1.2. However, they never once again discussed the possibility of a safety valve, when it raised the fact that the statutory minimum was 10 years. The court then heard argument from opposing counsel that, while Mr. Hodge was safety valve eligible, they felt that going below the statutory minimum would be inappropriate. Mr. Hodge countered that he did think it would be appropriate in this circumstance because of the extreme circumstances of his family and other mitigating factors. And here we have where the court sentenced exactly at that statutory minimum, but has provided no explanation for why it chose that minimum, if it considered the safety valve, if it rejected the arguments based on arguments by opposing counsel. It is simply unclear from the record how the court chose to make that decision. So is your position that under 18 U.S.C. 3553F, which is a safety valve provision, it says that a court can sentence regardless of the statutory minimums if the court finds it sentencing? Is it your position, I take it, that the statute requires a court to make a finding at sentencing that a defendant's safety valve eligible and there's no finding here? It is unclear whether in this circumstance, and I don't want to speak more broadly and say in every other circumstance with different transcripts, but here in this sentencing the court needed to find some kind of decision or indicate why it chose or chose not to go below the statutory minimum. Because it's not enough that the government recommends it. The court has to acknowledge recommendation and find the safety valve applicable. There has to be at least some consideration of it so we can understand and properly review why the district court judge either chose to apply or chose not to apply that sentencing. In your honors, I would ask to save the rest of my time for rebuttal. Very good. Thank you, Ms. Skehan. The remainder of your time will be reserved for rebuttal. Mr. Sanders, we'll move to you on behalf of the appellee. Good morning. May it please the court, Counsel David Sanders on behalf of the United States. Mr. Sanders, if we could start, if you wouldn't mind, with my question with regard to the language in 18 U.S.C. 3553F. That says if a court finds at sentencing, how does the transcript here, how does that comport with that requirement? Could you rephrase that? Right. How does the transcript here give us confidence that the court made such a finding as required by 3553F? Yes, Judge. In this case, the record does provide an adequate assurance to this court. I'll point out a couple of things. One, that Judge Gilbert sentenced the defendant to a term of supervised release below the statutory minimum. The judge also mentioned, I'm not going to sentence you to time served. Imprisonment is, there's got to be some punishment. And I mention that because it shows the judge knew that he was authorized to go below. He entertained the argument that was extensively briefed in sentencing memorandums at argument. He entertained arguments about going below that statutory minimum. Judge Gilbert would not have entertained those arguments had it not been relevant. So I do think there is adequate assurance in here because there was no confusion in the record that he could not go below that mandatory minimum. And that's a big distinguishing factor in Castaneda. How do you respond, Mr. Sanders, to the statement of reasons? And this is what troubles me. In the statement of reasons, which I think you agree we can look at and consider, the court checked the box that states, quote, and the sentence imposed is at or above that applicable mandatory minimum. There's another box underneath that says the court went below because of the safety valve, acknowledging that the safety valve was at play. I'm troubled by checking this box because that suggests the court was applying the mandatory minimum. And I've looked at that too. I don't think there was any better option than option A here. Option C, the count says no count carries a mandatory minimum sentence. This count carries that mandatory minimum. Option B is what, Judge, you indicated, has the safety valve checked under the subsection of B. However, Judge Gilbert is not going below the mandatory minimum here because even though the guideline range was 135 to 168, he buried downward to 120. And he gave his reasons why a tremendous amount of drugs was involved. So I don't believe there was a better option than A here because he did not go below the mandatory minimum. That just gives me pause. Yes, I paused. But turning to also going back to the assurance, I do believe that this court has reasonable assurance, which is necessary here that Judge Gilbert knew that the defendant was safety valve eligible. And then also the record clearly demonstrates that the court weighed all the factors against the gravity of the defendant's offense and concluded that imprisonment was necessary because he was involved in, quote, a tremendous amount of drug distribution. And as this court is well aware, the district court enjoys wide latitude what weight to give those 3553A factors. And finally, as to whether the district court's below guideline sentence was substantively reasonable, the defendant bears a significant burden to establish that the district court abuses discretion if it fashioned its sentence, which the defendant has not done so. If you have any questions, the government would rest on its brief and ask that the court affirm the lower court's decision. Thank you. Thank you, Mr. Sanders. Ms. Skehan, we'll go back to you now for a rebuttal argument. Let me start you off with a difficult question. Guideline range here was 135 to 168 months. Your client got 120 months. Government recommended, I believe, 144 months. Defense asked for probation. Do you have any understanding, if your client knows, that if we grant the requested relief of reverse and remand for resentencing, that sentence could go up? It's not an insubstantial amount of drugs we're talking about. Your Honor, I have not specifically and personally discussed that with my client. However, I am aware that by appealing this and requesting a resentencing, that is possible. We do believe that the relevant factors here would present a strong argument for an even lower sentence than this, but we certainly recognize that that is possible. And certainly recognizing that the district court in this would be sentencing, looking at those guidelines fully, I find it hard to believe that it would go up, but I recognize the possibility. Thank you. What's the status of his wife's health? I am not aware of the status of his health in this moment, but I would point again to the status of his health at the time of the sentencing, which is what would factor into whether or not the court in that moment committed an error. But to go to Judge Brennan's point, if he is resentenced, if we reverse and remand and he's resentenced and his wife doesn't have the same health challenges for one reason or another, that strong mitigating factor wouldn't be present anymore. That is true, Your Honor, though I would say that even if she had received the kidney and the pancreas at that time, I don't think that her condition was so serious. She was already requiring regular dialysis. I don't think that she would suddenly be in phenomenal health. I think that it would still remain a mitigating factor. And even in that circumstance, I think that should we remove the family argument, I do think that the safety valve argument is very strong here as well. He's got the three years on bond clean as well. Yes, he does. Yes, three years. I believe it's 21 or 22 clean drug tests. And I think that all of those things would factor into that resentencing. And I would like to point, just returning to the safety valve for one moment, this court, and we're initially reviewing this case in the order that they passed down, noted that there are many sentences between zero and 120 months that the court could have considered. And under 18 U.S.C. 3553C, this court is, in a sentence of over 24 months, required, the district court, I'm sorry, is required to say why they sentenced at that precise point in the range. And here I think that there are many different sentences that were not considered that would certainly be relevant that would be required by procedural due process here. And if there are no further questions. Thank you very much, Ms. Keene. Ms. Keene, you've been appointed counsel and you've done an excellent job, as has Mr. Sanders. And we thank you and Mr. Palmer for your representation of the client in this case. Thank you very much, Your Honor. The case will be taken over by them. Thank you. And that will complete our hearings for the day.